IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CORY W. JONES, #306696, *et al.*, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:20-CV-929-WHA-JTA |
| | )                  (WO) |
| KAY IVEY, *et al.*, | ) |
| | ) |
|   Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by several state inmates currently incarcerated at the Loxley Work Release Center, located in Loxley, Alabama.[1] In this complaint, the inmates challenge the constitutionality of conditions to which they are currently subjected at the Loxley facility. Doc. 1 at 1–5. Specifically, the plaintiffs allege the conditions at Loxley are extremely unsafe and unduly hazardous due to the coronavirus pandemic, otherwise known as COVID-19, and their potential exposure to the virus while incarcerated at Loxley. Doc. 1 at 3–4. The plaintiffs name Kay Ivey, the Governor of Alabama; Jefferson Dunn, the Commissioner of the Alabama Department of Corrections; Steve Marshall,

---

[1] Generally, this court does not allow multiple state inmates to proceed in a single 42 U.S.C. § 1983 action, but, instead, directs the Clerk to open a separate civil action for each of the inmates listed as a plaintiff in the case. *Hubbard v. Haley*, et al., 262 F.3d 1194, 1195 (11th Cir. 2001) (holding that the Prison Litigation Reform Act of 1996 requires "each individual prisoner to pay the full amount of the required [filing] fee[,]" and, consequently, multiple prisoners are not entitled to enjoin their claims in a single cause of action.). However, since the instant case is due to be transferred to the United States District Court for the Southern District of Alabama for review and disposition, the undersigned finds that any determination of whether the plaintiffs should be allowed to proceed in one civil action in the name of numerous state inmates should be addressed by the United States District Court for the Southern District of Alabama.

the Alabama Attorney General; Louis Franklin, the United States Attorney for the Middle District of Alabama; Sharon Folks, the Warden of the Loxley Work Release Center; and Jennifer Anderson King, a correctional official employed at Loxley, as defendants.

Upon review of the complaint, the court finds that this case should be transferred to the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. § 1404(a).[2]

## II. DISCUSSION

A 42 U.S.C. § 1983 "civil action may be brought in — (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]" 28 U.S.C. § 1404(a).

The Loxley Work Release Center is located within the jurisdiction of the United States District Court for the Southern District of Alabama. Thus, the conditions made the basis of this complaint are present at a correctional facility located in the Southern District of Alabama. Moreover, the complaint indicates that defendants Sharon Folks and Jennifer Anderson King and

---

[2] Upon initiation of this civil action, the plaintiffs submitted one application for leave to proceed *in forma pauperis,* Doc. 2, but failed to submit the requisite financial information of any inmate with the application. Under the circumstances of this case, the court finds that any ruling(s) on the *in forma pauperis* application, including determinations of whether a named plaintiff should be assessed an initial partial filing fee or the entire filing fee due to the funds currently available to him or whether an inmate with "three strikes" has established he is in "imminent danger of serious physical injury" so as to meet the exception to application of the "three strikes" bar of 28 U.S.C. § 1915(g) should be undertaken by the United States District Court for the Southern District of Alabama.

all individuals personally responsible for the conditions about which the plaintiff complains reside in the Southern District of Alabama.  Although by virtue of their positions as Governor of Alabama, Commissioner of the Alabama Department of Corrections, Attorney General of Alabama, and United States Attorney, defendants Kay Ivey, Jefferson Dunn, Steve Marshall and Louis Franklin reside in the Middle District of Alabama, they are nonetheless subject to service of process throughout the State and the state defendants commonly defend suits in all federal courts of this state.  Finally, it is clear that the witnesses to the actual conditions present and actions undertaken at Loxley reside in the Southern District of Alabama.

In light of the foregoing and in accordance with applicable federal law, the court concludes that in the interest of justice this case should be transferred to the United States District Court for the Southern District of Alabama for review and disposition.[3]

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Southern District of Alabama in accordance with the provisions of 28 U.S.C. § 1404(a).

On or before **December 2, 2020**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions contained in the Recommendation to which his objection is made.  Frivolous, conclusive, or general objections will not be considered by the court.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo*

---

[3] In transferring this case, the undersigned makes no determination with respect to the propriety of the persons named as defendants or the merits of the claims presented in the complaint.

determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 17 day of November, 2020.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE